# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| OWNERS INSURANCE COMPANY and SOUTHERN OWNERS INSURANCE COMPANY, <br><br> Plaintiffs, <br><br> vs. <br><br> WILLIE MAE MABRY, individually and as Personal Representative of the Estate of Thomas Benjamin Cowart; MOBILE APPLIANCE COMPANY, INC., an Alabama corporation; and MOSE EDWARD LOVETT, JR., an individual. <br><br> Defendants. | Case No. 1:19-cv-00842-WS-N |

## MOTION FOR SUMMARY JUDGMENT
## BY PLAINTIFF OWNERS INSURANCE COMPANY

Plaintiffs OWNERS INSURANCE COMPANY and SOUTHERN OWNERS INSURANCE COMPANY (jointly "Owners") hereby move this Court pursuant to FRCP Rule 56 to enter a summary judgment in their favor, and to deny Defendant Mabry's Motion for Summary Judgment (Doc. 33). As grounds for this motion, Owners states that there is no genuine issue of any material fact, and that Owners is

entitled to a judgment in its favor as a matter of law. Owners submits the following arguments of fact and law in support of this motion.

## INTRODUCTION

This is a declaratory judgment action in which the Plaintiffs seek an adjudication of the *amount* of insurance available for an underlying bodily injury claim that is the subject of a pending state court lawsuit. Defendant Mobile Appliance (the policyholder) purchased a Commercial Auto Policy with limits of $1 million "each accident" from Owners. It also purchased two business policies, each of which states that it does not insure the risk of bodily injury arising out of the ownership, maintenance, use, or entrustment of any "auto."

A Mobile Appliance delivery truck (an auto) was involved in a deadly crash with plaintiff Mabry and decedent Cowart, for which Owners has offered its full $1 million limit. However, Mabry has refused to accept $1 million, claiming that Mobile Appliance should have *$4 million* in combined limits under the three policies. Owners is providing Mobile Appliance and its driver, Lovett, a full defense in the underlying *Mabry* lawsuit, and it has filed this declaratory judgment action to adjudicate the correct amount of policy limits for this claim.

## STATEMENT OF UNDISPUTED FACTS

The parties have agreed in their Report of Parties' Planning Meeting that there are no triable issues of fact, and that this case can be decided as a matter of law.

PageID.581. The following facts are from plaintiff's Amended Complaint, as admitted by defendants or contained in the exhibits to the Amended Complaint. The exhibits include the relevant policies and the underlying lawsuit.

### A. The Underlying Lawsuit

Defendant Mabry was a passenger in an auto driven by Thomas Benjamin Cowart on May 2, 2019, when they were injured in a car crash on Schillinger Road in Mobile County, Alabama, colliding with a Mobile Appliance delivery truck driven by defendant Lovett. Mabry and Cowart filed a civil lawsuit on May 14, 2019, entitled *Thomas Benjamin Cowart and Willie Mae Mabry v. Mobile Appliance Company, Inc. and Mose Edward Lovett, Jr.*, CV-2019-901334 in the Circuit Court of Mobile County. PageID.284-286. It alleged that the crash was the sole fault of defendant Lovett, for which Mobile Appliance is both vicariously and independently liable. (Id.)

Owners retained defense counsel Tracy Turner, Esq., to represent Mobile Appliance and Lovett in the underlying case. Meanwhile, Cowart died from his injuries on May 16, 2019. The underlying suit was amended on July 23, 2019, to substitute Mabry as Personal Representative of the Estate of Thomas Benjamin Cowart and to add a claim for wrongful death. PageID.289-291. The Amended Complaint filed by Mabry contained the following pertinent allegations as to Defendants Lovett and Mobile Appliance:

   3. Lovett negligently/wantonly failed to yield the right of way at a stop sign, failed to keep a proper lookout, maintain proper control of his vehicle and/or maintain safe distances, and as a result crashed into the vehicle occupied by Plaintiffs resulting in injuries to Plaintiffs.

   4. Mobile Appliance negligently/wantonly failed to [sic] maintain its vehicles, negligently lacked adequate policies and procedures, negligently failed to educate, negligently failed to periodically audit or check drivers, negligently failed to periodically audit driver logs for hour violations and/or negligently failed to design systems that assure that drivers are trained.

   5. Additionally, Mobile Appliance negligently/wantonly hired, trained, supervised, and/or retained Lovett.

   6. Further, Mobile Appliance, as principal, is liable for the negligent/wanton acts of Lovett, its agent, under a theory of respondeat superior.

PageID.290.

### B. Mobile Appliance's Commercial Auto Policy

Mobile Appliance, at the time of the crash, had automobile insurance with Owners Insurance Company, which issued a Commercial Auto Policy (No. 51-974-507-00) effective September 24, 2018, for one year. The policy had a combined limit of $1 million "each accident." PageID.294.

On September 12, 2019, defense counsel for Mobile Appliance received a demand letter from Mabry's attorney. It stated that Mobile Appliance had $4 million in insurance limits, not $1 million. It threatened Owners with a potential "bad faith" claim unless $4 million was paid on behalf of Mobile Appliance immediately.

4

Owners already had offered its $1 million policy limits under the Commercial Auto Policy on June 25, 2019.  (See PageID.280, 565, 570).

### C. Mobile Appliance's Tailored Protection and Businessowners Policies

Mobile Appliance had a Tailored Protection Policy (No. 182322-38976734-18) issued by Southern Owners Insurance Company with a $1 million limit per occurrence. PageID.345. The demand by Mabry's attorney contended that this $1 million limit is doubled under the policy terms. However, Exclusion 2(g) of the Tailored Protection Policy (the "auto" exclusion) states that this insurance does not apply to claims for "bodily injury . . . arising out of the ownership, maintenance, use or entrustment to others of any . . . auto." PageID.363.

Mobile Appliance also had a Businessowner's Policy (No. 51-974-484-00) issued by Owners Insurance Company with a $1 million limit per occurrence. PageID.395. It likewise contains Exclusion 2(g) stating that this insurance does not apply to claims for "bodily injury . . . arising out of the ownership, maintenance, use or entrustment to others of any . . . auto." PageID.508.

### ARGUMENT

The Commercial Auto Policy issued to Mobile Appliance has a $1 million limit "each accident." The two business policies, however, state that no coverage exists for "**bodily injury** or **property damage** arising out of the *ownership, maintenance, use or entrustment to others* of any *aircraft,* **auto** *or watercraft* owned

5

or operated by or rented or loaned to an insured." PageID.86, 231. The term "**auto**" means a "motor vehicle, trailer or semitrailer designed for travel on public roads . . .." PageID.373, 515.

Mabry makes the legal argument that an injured party, after a car wreck, can sue the other driver for negligent operation and also sue the employer for negligent entrustment. Negligent entrustment, Mabry argues, is a separate and independent negligent act that is *not derivative* of the driver's negligent operation of an auto.

It is true that an injured party can sue an employer for negligent entrustment. However, these are two separate issues: (1) whether an employer can be sued individually for negligent entrustment of an auto, and (2) whether the employer's *insurance* covers the risk of negligent entrustment of an auto. Mabry's motion seems to conflate those two issues, focusing on (1) but not (2). They are not the same.

No one denies that Mabry's claims against Mobile Appliance arose from the operation of an "auto" by its employee. As shown below, however, only the Commercial Auto Policy affords coverage for that risk, not the two business policies. The total insurance limit is therefore $1 million dollars.

**I.   THE AUTO EXCLUSION BARS COVERAGE UNDER THE BUSINESS OWNERS AND TAILORED PROTECTION POLICIES**

The Businessowners Policy and Tailored Protection Policy do not afford coverage for any risks arising from the use of an automobile. Defendant Mabry has made a demand to settle for $4 million, based on the combined limits of the three

6

policies (Commercial Auto, Tailored Protection, Business Owners). However, the Tailored Protection Policy and Businessowners Policy do not afford coverage because of the "auto" exclusion. Their combined $3 million limit is not applicable.

The auto exclusion (Exclusion (2g)) states that the following risks do not fall within the coverage afforded under these policies:

> "Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft owned or operated by or rented or loaned to any insured. . . .

(Page ID. 363, 508). Mabry concedes that coverage is not afforded for auto-related claims that are purely derivative, such as under a theory of respondeat superior. See generally, PageID.606-609. However, she argues that Mobile Appliance's own negligence, such as negligent entrustment, negligent hiring, and negligent supervision -- claims which are not purely derivative – are covered. PageID.608. Mabry's argument is contrary to Alabama law.

### A. Alabama Courts uniformly apply the auto exclusion to negligent entrustment, hiring, and supervision claims.

Alabama courts have considered and decided many times whether the above language (or similar) bars coverage for negligent entrustment, negligent hiring, and negligent supervision. In each case, the court has held that no coverage exists under these facts.

7

The first such case was *Cooter v. State Farm Fire & Cas. Co.*, 344 So. 2d 496 (Ala. 1977), in which the Court held that the "auto" exclusion bars coverage for negligent entrustment. The plaintiff argued, as here, that a principal's *entrustment* was separate from the driver's *operation* of an auto, for insurance purposes. Not so, held the Alabama Supreme Court. "The fatal weakness" in that argument, the Court said, was its "failure to acknowledge one of the elements essential to recovery for negligent entrustment -- the negligent operation of the *motor vehicle*." *Id.* at 498. (emphasis added). The "plain wording of the exclusionary provision" thus barred coverage. *Id.* at 499.

The Alabama Supreme Court's holding in *Cooter* was followed by the Fifth Circuit, applying Alabama law, in *Atlantic Mut. Fire Ins. Co. v. Cook*, 619 F.2d 553 (5th Cir. 1980).[1] In *Cook*, the claimant argued that coverage existed because suit was "founded upon negligent supervision," not negligent operation of the vehicle. The court said that argument "overlooks that what is here at issue is not the liability of the insured, but rather instead *whether a policy clause applies* that excludes the insurer Atlantic from liability for bodily injuries arising out of the use of a motor vehicle." 619 F.2d at 555 (emphasis added). The court in *Cook* reasoned that the

---

[1] Decisions by the old Fifth Circuit became binding in the Eleventh Circuit under *Bonner v. City of Prichard,* 661 F.2d 1206, 1207(11th Cir. 1981), when the latter was created in 1981.

basis for liability was the *concurrence* of both negligent entrustment and the driver's negligence, both of which arose from the operation of an automobile – risks excluded from coverage.

The Alabama Supreme Court reiterated this holding in *St. Paul Mercury Ins. Co. v. Chilton-Shelby Mental Health Ctr.*, 595 So. 2d 1375 (Ala. 1982). The "auto" exclusion in the Center's business liability policy was found to be non-ambiguous, and the Court held that it clearly excluded coverage for any injury, including death, due to the ownership or use of any "auto." That was notwithstanding the plaintiff's argument that the Center was liable for negligent failure *to train or supervise*, *negligent entrustment.* 595 So. 2d at 1377. The court held that no coverage existed under the "auto" exclusion in the general liability portion of the Center's business insurance policy. *Id.* at 1378. Similarly, in *Alfa Mut. Ins. Co. v. Jones,* 555 So.2d 77, 78 (Ala. 1989), the Alabama Supreme Court again applied the exclusion to a negligent supervision claim, finding no coverage because "[the] clause is unambiguous" and "[the] ownership of a motor vehicle is the very nexus between Alfa, the Joneses, and the plaintiff." *Id.*

This exclusion again was upheld in *QBE Ins. Corp. v. Sullivan Trucking, Co.,* No. CV 08-B-0616-W, 2009 WL 10703805 (N.D. Ala. May 23, 2009). The Northern District applied the same "Aircraft, Auto or Watercraft" Exclusion in holding that the policy did not afford coverage for negligent hiring, negligent supervision,

9

negligent training, and negligent retention claims. Expressly following Alabama precedent, the court held that "the policy excludes coverage for injuries and damages caused by ownership or use of the auto, not merely legal claims based on auto use." *Id.* at *9-10 (citing *St. Paul Mercury Ins. Co. v. Chilton-Shelby Mental Health Center*, 595 So. 2d 1375, 1377 (Ala. 1992); *Alfa Mut. Ins. Co. v. Jones*, 555 So. 2d 77, 78 (Ala. 1989)(citing *Cooter v. State Farm Fire & Cas. Co.*, 344 So. 2d 496, (Ala. 1977) (quoting *Bankert v. Threshermen's Mutual Ins. Co.*, 329 N.W.2d 150 (Wisc. 1983)).

Thus, a long line of Alabama cases holds that the "auto" exclusion bars coverage for claims of negligent hiring, negligent retention, and negligent supervision, as well as direct negligence or vicarious liability claims.[2]

---

[2] Other states that have looked at this coverage question are in agreement with Alabama. *See Atain Specialty Ins. Co. v. Greer*, 182 F.Supp. 3d 873 (Ill. 2016)(the "auto" exclusion is broad and expressly excludes from coverage even derivative claims like negligent hiring, retention or supervision as long as the damages arose from the use of an auto); *Grain Dealers Mut. Ins. Co. v. Pat's Rentals, Inc*., 269 Ga. 691 (Ga. 1998)(the "auto" exclusion in a CGL policy includes negligent hiring and retention; the only coverage is under an auto policy); *American Surety & Cas. Co. v. Lake Jackson Pizza, Inc*., 788 So. 2d 1096 (Fla. 1st App. 2001)(the term "arising out of" is not ambiguous and there thus was no coverage under the "auto" exclusion because the injuries arose out of the use of an auto, regardless whether designated as negligent hiring, training or supervision -- there was no duty to defend such a claim); *Fidelity & Guaranty Ins. Underwriters, Inc. v. McManus*, 633 S.W. 2d 787 (Tex. 1982)(the auto exclusion applied to a claim for negligent entrustment since such a claim requires proof of the negligent operation of a vehicle).

### B.     The cases cited by Defendant do not support her position.

Defendant Mabry incorrectly relies on two Alabama federal district cases which address the question of whether an employer can be sued directly for its own negligent failure to train, hire, retain or supervise an employee. She relies upon *Poplin v. Bestway,* 286 F.Supp.2d 1316 (M.D. Ala. 2003), which held that torts of negligent entrustment, hiring, training, supervision, and retention are distinct causes of action from a straight negligence claim that is based purely on a theory of respondeat superior. *See also*, *Stanford v. McDaniel,* 2008 WL 11422598 (N.D. Ala. Jan. 2, 2008)(adopting the *Poplin* analysis as to whether direct claims against employer become subsumed by respondeat superior claim for purposes of liability). These cases, however, do not answer the coverage question before the Court: whether such claims fall within the risks insured under the policy.

As explained in multiple Alabama cases, the question of coverage under the "auto" exclusion is *different* from the question of whether a negligent entrustment claim can be maintained as an independent theory of liability. No coverage exists if the claim is for "bodily injury arising out of operation of any motor vehicle owned by the insured." *See QBE Ins. Corp. v. Sullivan Trucking, Co.,* No. CV 08-B-0616-W, 2009 WL 10703805 (N.D. Ala. May 23, 2009)("policy excludes coverage for injuries and damages caused by ownership or use of the auto, not merely legal claims based on auto use"). See also, *St. Paul Mercury Ins. Co. v. Chilton-Shelby Mental*

*Health Center*, 595 So. 2d 1375, 1377 (Ala. 1992)(the policy excluded injury and death arising from the ownership or use of any auto, regardless of how it was characterized in plaintiff's complaint, such as negligent training or supervision).

For the reasons set forth above, this Court should deny defendant Mabry's motion for summary judgment, and it should grant summary judgment in favor of Owners, holding that the combined policy limit is $1 million dollars under only the commercial auto policy.

                                                          Respectfully submitted

                                                          */s/ Forrest S. Latta*
                                                          Forrest S. Latta
                                                          forrest.latta@burr.com
                                                          Taylor Barr Johnson
                                                          tjohnson@burr.com

                                                          *Attorney for Plaintiffs*
                                                          *Owners Insurance Company and*
                                                          *Southern Owners Insurance Company*

**OF COUNSEL:**
**BURR & FORMAN LLP**
11 North Water Street, Suite 22200
Mobile, AL  36602
Tel:   251-344-5151
Fax:   251-344-9696

<u>Certificate of Service</u>

  I hereby certify that the foregoing has been served upon counsel of record herein via CM/ECF, on this the 13th day of February, 2020, as follows:

Samuel P. McClurkin, IV
Long & Long, PC
P. O. Box 2746
Mobile, AL  36652
mac@longandlong.com
*Attorney for Willie Mae Mabry, Individually*
*and as Personal Representative of the*
*Estate of Thomas Benjamin Cowart*

Robert E. Clute, Jr.
Clute & Clute, PC
118 N. Royal Street, Suite 600
Mobile, AL  36602
bob@clutelawfirm.com
*Attorney for Mobile Appliance Company, Inc.*
*and Mose Edward Lovett, Jr.*

          */s/ Taylor B. Johnson*
          Of Counsel