# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **OWNERS INSURANCE COMPANY, et al.,** | ) ) ) |
| **Plaintiffs,** | ) ) |
| v. | ) CIVIL ACTION 19-0842-WS-N ) |
| **WILLIE MAE MABRY, etc., et al.,** | ) ) |
| **Defendants.** | ) |

## ORDER

This declaratory judgment action is before the Court on cross-motions for summary judgment. (Docs. 33, 36). The parties have submitted briefs and evidentiary materials in support of their respective positions, (Docs. 1, 33, 36-38, 40-41, 43-44), and the motions are ripe for resolution.[1] After careful consideration, the Court concludes that the plaintiffs' motion is due to be granted and the defendants' motion denied.

## BACKGROUND

According to the amended complaint, (Doc. 12), defendant Mabry was injured when a delivery truck driven by defendant Lovett and owned by defendant Mobile Appliance Company ("Mobile Appliance") collided with a vehicle in which Mabry was a passenger. The driver of Mabry's vehicle was killed. Mabry brought the underlying suit on behalf of herself and the decedent against Mobile Appliance and Lovett.

Mobile Appliance was insured under three policies issued by the two plaintiffs ("Owners" and "Southern"): (1) a commercial auto policy issued by Owners with a policy limit of $1 million; (2) a tailored protection policy issued by

---
[1] The request for oral argument, (Doc. 42), is **denied**. *See* Civil Local Rule 7(h).

Southern with a policy limit of $1 million (or $2 million, according to Mabry); and (3) a business owner's policy issued by Owners with a policy limit of $1 million. Owners offered its $1 million policy limits under the commercial auto policy, and that policy is not in dispute. The defendants, however, demand policy limits under the other two policies. The plaintiffs seek a declaration that a certain provision of those policies excludes coverage.

**DISCUSSION**

The amended complaint in the underlying action alleges that Lovett negligently operated a vehicle owned by Mobile Appliance. (Doc. 12-2 at 3-4). It then alleges that Mobile Appliance "negligently/wantonly failed to maintain its vehicles, negligently lacked adequate policies and procedures, negligently failed to educate, negligently failed to periodically audit or check drivers, negligently failed to periodically audit driver logs for hour violations and/or negligently failed to design systems that assure drivers are trained." (*Id*. at 4). In addition, the amended complaint alleges that Mobile Appliance "negligently/wantonly hired, trained, supervised, and/or retained Lovett." (*Id*.).

Both policies contain the following provision (hereinafter termed the "auto exclusion"): "This insurance does not apply to … '[b]odily injury' or 'property damage' arising out of the ownership, maintenance, use or entrustment to others of any … 'auto' … owned or operated by … any insured. Use includes operation and 'loading or unloading'. (Doc. 12-4 at 26, 28; Doc. 12-5 at 115, 117). The parties agree that the delivery truck at issue is an "auto" for purposes of the auto exclusion.

In *Alfa Mutual Insurance Co. v. Jones*, 555 So. 2d 77 (Ala. 1989), the homeowners were sued for the wrongful death of a minor guest, who was killed while operating the homeowners' go-cart. The underlying lawsuit alleged the homeowners' negligent supervision of the child. The homeowners sought a

2

declaration that their homeowners' policy provided coverage. The insurer relied on an auto exclusion substantively identical to that at issue here.[2]

The Alabama Supreme Court described the exclusion as "unambiguous." 555 So. 2d at 78. "And, as the facts of this case demonstrate, the plaintiff's negligent supervision theory seeks recovery for a death arising out of the ownership of a motor vehicle owned by the insureds." *Id*. Because "[t]hat ownership of a motor vehicle is the very nexus between [the insurer], the [homeowners], and the plaintiff," the exclusion applied. *Id*.

The *Jones* Court relied on *Cooter v. State Farm Fire & Casualty Co*., 344 So. 2d 496 (Ala. 1977), which held that a claim against the vehicle owner for negligent entrustment was excluded under a substantively identical provision. *Id*. at 498-99.[3] "Our holding [in *Cooter*] was premised upon the fact that the nexus between [the insurer,] the entruster, and the plaintiff was the occurrence *in a motor vehicle* of the accident made the basis of the lawsuit." *Jones*, 555 So. 2d at 78 (emphasis in original).

As in *Jones* and *Cooter*, so here. The nexus between the plaintiffs, Mobile Alliance, and Mabry and her decedent is the occurrence, in a motor vehicle owned by Mobile Alliance, of the accident made the basis of the underlying action.

The defendants object that *Cooter* provided a different rationale for its decision, one that does not easily transfer outside the negligent entrustment context. (Doc. 40 at 2-5). The *Cooter* Court noted that negligent entrustment is not "conditioned upon" the entrustor/insured's "use" of the vehicle or even, necessarily, upon the entrustor/insured's "ownership" of the vehicle. 344 So. 2d at

---

[2] "Coverage E … [does] not apply to … bodily injury or property damage arising out of the ownership, maintenance, use, loading or unloading of … a motor vehicle owned or operated by … an insured …." 555 So. 2d at 77-78.

[3] "This policy does not apply … to bodily injury or property damage arising out of the ownership, maintenance, operation, use, loading or unloading of … any motor vehicle owned or operated by … any insured." 344 So. 2d at 497.

3

499.[4] In every case, however, negligent entrustment requires negligent "use" by the entrustee. *Id*. On this basis, the *Cooter* Court rejected those cases from other jurisdictions indicating that claims of negligent entrustment are not subject to auto exclusions like that involved in this case. *Id*.

Given the Alabama Supreme Court's reasoning, and its purpose in providing it, the Court cannot agree with the defendants that *Cooter* limits the scope of auto exclusion provisions to legal claims as to which an element of the insured's liability is the negligence of the driver of the insured's vehicle. Even if *Cooter* could be so read, *Jones* plainly rejects any such interpretation, describing the basis of *Cooter*'s holding as the occurrence of an accident involving a vehicle owned by the insured, without any reference at all to the driver of the insured vehicle. Moreover, *Jones* applied the exclusion to a negligent supervision claim that did not include as an element the negligence of the driver.[5]

The Alabama Supreme Court reaffirmed the breadth of the auto exclusion in *St. Paul Mercury Insurance Co. v. Chilton-Shelby Mental Health Center*, 595 So. 2d 1375 (Ala. 1992). The underlying plaintiff's decedent was a passenger in a van owned by the insured and driven by the insured's employee (also a named insured). The employee left the toddler in the van, where he died. The underlying plaintiff asserted three claims: that both insureds negligently transported the decedent; that the entity insured negligently trained the driver; and that the entity insured negligently failed to implement certain policies and procedures to protect the decedent. *Id*. at 1376-77.

---

[4] A "custodian" or "bailee" can negligently entrust a vehicle. *Cooter*, 344 So. 2d at 499; *Dutton v. State Farm Mutual Automobile Insurance Co.*, 383 So. 2d 519, 521 (Ala. 1980).

[5] The driver was not the insureds' agent or employee but rather their minor guest, and the injury was not sustained by a third party but by the guest.

The *Chilton-Shelby* Court held that the policy's auto exclusion, substantively similar to the instant provision,[6] was "not ambiguous" and that it excluded coverage. The driver was not operating the vehicle when the decedent died, but "the fact remains that Randy died in the van while it was being used by the Center to provide transportation services to the communities it serves. We conclude, therefore, that Randy's death was due to the ownership or use of the van," triggering the exclusion. 595 So. 2d at 1377.

A sister federal court sitting in this state, construing a substantively identical provision, has concluded that the auto exclusion applies to claims of negligent hiring, supervision, training and retention of the insured's employee driver. *QBE Insurance Corp. v. Sullivan Trucking Co.*, 2009 WL 10703805 at *1, *10 (N.D. Ala. 2009).[7] From the three Alabama cases discussed above, the *Sullivan Trucking* Court concluded that the auto exclusion "excludes coverage for injuries and damages caused by ownership or use of the auto, not merely legal claims based on auto use." *Id*. at *9. The Court agrees that this is the correct focus, with reference to particular legal claims a red herring. By its terms, the exclusion applies to "injury" and "damage," not to "theories of liability." Whatever the theory of the insured's liability, coverage is excluded if the injury or damage for which recovery is sought arose out of the ownership, maintenance or use of the insured's vehicle. Many state courts throughout the nation have reached this conclusion.[8]

---

[6] "We won't cover injury … due to the ownership [or] use of … any auto owned [or] operated … by any protected person." 595 So. 2d at 1376.

[7] "This insurance does not apply to … '[b]odily injury' or 'property damage' arising out of the ownership, maintenance, use or entrustment to others of any … 'auto' … owned or operated by … any insured. Use includes operation and 'loading or unloading.'" 2009 WL 10703805 at *3.

[8] *See, e.g., Meyers v. Mississippi Insurance Guaranty Association*, 883 So. 2d 10, 16 (Miss. 2003); *Mikesh v. Northern J&B Enterprises, Inc.*, 2001 WL 1609343 at *2 (Minn. App. 2001); *United States Fire Insurance Co. v. New York Marine and General*

The plaintiffs relied on *Jones*, *Cooter*, *Chilton-Shelby* and *Sullivan Trucking* in their briefing, and the defendants offer no effective rebuttal. As noted, *Cooter* cannot be limited as the defendants propose. The defendants' *ipse dixit* that "direct negligence" claims are immune from the exclusion, (Doc. 40 at 2, 5), is conclusively refuted by the cases discussed above. And the assertion that none of these cases "address a cause of action for negligence directly against a company/principal," (*id*. at 1), whatever the unexplained significance of that proposition, is simply wrong.

It is unnecessary to determine the outer limits of "arising out of" in order to decide the pending motions. Under *Jones*, the phrase clearly extends at least to injuries resulting from a collision with the insured's vehicle. Because the underlying amended complaint alleges that Mabry and her decedent were injured when Lovett crashed Mobile Appliance's vehicle into their vehicle, (Doc. 12-2 at 4), that standard is satisfied. The defendants make no argument to the contrary.

Under the legal authority discussed above, each of the claims asserted by Mabry in the underlying action seek recovery for bodily injury arising out of the ownership, maintenance or use (including operation) of a vehicle owned by

---

*Insurance Co.*, 706 N.Y.S.2d 377, 379-80 (N.Y. App. Div. 2000); *Mailhiot v. Nationwide Mutual Fire Insurance Co*., 740 A.2d 360, 363 (Vt. 1999); *A.J. Cameron Sod Farms, Inc. v. Continental Insurance Co*., 700 A.2d 290, 293 (N.H. 1997); *Taylor v. American Fire and Casualty Co*., 925 P.2d 1279, 1283-84 (Utah App. 1996); *Gorzen v. Westfield Insurance Co*., 526 N.W.2d 43, 44-45 (Mich. App. 1994); *Phillips v. Estate of Greenfield*, 859 P.2d 1101, 1106 (Okla. 1993); *Northern Insurance Co. v. Ekstrom*, 784 P.2d 320, 323 (Colo. 1989); *Northern Assurance Co. of America v. EDP Floors, Inc*., 533 A.2d 682, 689 (Md. 1987); *Farmers Insurance Group v. Nelsen*, 715 P.2d 492, 494 (Ore. App. 1986); *American Universal Insurance Co. v. Cummings*, 475 A.2d 1136, 1137-38 (Me. 1984); *Bankert ex rel. Habush v. Threshermen's Mutual Insurance Co*., 329 N.W.2d 150, 155 (Wis. 1983); *LaBonte v. Federal Mutual Insurance Co*., 268 A.2d 663, 666 (Conn. 1970); *but see Marquis v. State Farm Fire and Casualty Co*., 961 P.2d 1213, 1221 (Kan. 1998) ("[T]he theory of liability rather than the cause of the accident governs coverage."). In short, "[t]he overwhelming majority of states, in determining coverage, look to the underlying cause of the injury rather than the specific theory of liability alleged." *Id*. at 339 (Larson, J., concurring in part and dissenting in part).

Mobile Appliance.  Coverage under the two policies at issue is therefore excluded as a matter of law.

## CONCLUSION

For the reasons set forth above, the plaintiffs' motion for summary judgment is **granted**, and the defendants' motion for summary judgment is **denied**.  The combined policy limit under the tailored protection policy and the business owner's policy is $0.  The parties are **ordered** to file, on or before **April 8, 2020**, a proposed final judgment.

DONE and ORDERED this 31st day of March, 2020.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE